IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATHY NORMAN,

              **Plaintiff,**

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              **Defendant.**

1:12-cv-587-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's (the "Magistrate Judge") Final Report and Recommendation [20] ("R&R") reviewing the decision of the Commissioner of Social Security (the "Commissioner") denying a claim for disability benefits.

## I.    BACKGROUND

### A.    Procedural History

On July 29, 2008, Plaintiff Cathy Norman ("Plaintiff" or "Norman") filed an application with the Social Security Administration ("SSA") for Social Security Disability Benefits under the Social Security Act (the "Benefits Application").  On May 25, 2010, a hearing on the Benefits Application was conducted before an SSA Administrative Law Judge ("ALJ").  On September 13, 2010, the ALJ issued a

decision denying Plaintiff's Benefits Application.  On December 23, 2011, the SSA Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.

On February 23, 2012, Plaintiff filed this action seeking review of the Commissioner's decision under 42 U.S.C. § 405(g).  Plaintiff asserts that the ALJ erred (i) in not according credibility to Plaintiff's testimony and (ii) in finding that Plaintiff is "capable of sustaining work activities in an ordinary work setting on a regular and continuing basis."

On July 15, 2013, Magistrate Judge Anand issued his R&R recommending that the Commissioner's decision be affirmed.  With respect to the ALJ's determination of Plaintiff's credibility, Judge Anand found that the ALJ properly considered Plaintiff's history of complaints and "fully articulated [the] reasons for his finding that the Plaintiff's testimony was not fully credible," and that the reasons were supported by "substantial evidence."  With respect to the ALJ's determination of Plaintiff's ability to sustain work, Judge Anand found that the record contains "substantial evidence" to support the ALJ's assessment of Plaintiff's residual functional capacity.

Neither party objected to the R&R.

B.     Facts

Plaintiff, a forty-five-year-old woman, suffers from lumbago, degenerative joint disease of the left foot, mild S1 radiculopathy, migraine headaches, hypertension, obesity, depression, and anxiety.  At various times since 2002, Plaintiff has been treated for numerous conditions, including depression and anxiety; neck, lower-back, and left-hip pain; asthmatic bronchitis; hypertension; obesity; ankle contusion; left foot, lower back, and upper back pain; back and joint pain; major depressive disorder; post-traumatic stress disorder; panic disorder; and agoraphobia.

The ALJ found that, notwithstanding her medical conditions, Plaintiff does not suffer a "disability" under the Social Security Act because Plaintiff's residual functional capacity is sufficient to enable to her to perform significant numbers of jobs in the national economy.  In reaching his decision, the ALJ discredited Plaintiff's testimony regarding her pain and other symptoms because, in light of Plaintiff's entire medical history, Plaintiff's testimony was not supported by objective evidence.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2006); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of objections, the Court reviews the Magistrate Judge's findings and recommendations for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.    Analysis

#### 1.    *The ALJ determination of Plaintiff's credibility*

Plaintiff does not object to the Magistrate Judge's finding that the ALJ properly discredited Plaintiff's testimony regarding her pain and subjective symptoms. The Magistrate Judge found that the ALJ properly considered Plaintiff's history and "fully articulated" why Plaintiff's testimony was "not fully credible." The Magistrate Judge also found that the ALJ's determinations were supported by "substantial evidence" in the record. The Court does not find plain

4

error in these findings.  See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)

(holding that a claimant's own testimony of pain must be supported, among other

things, by "objective medical evidence that confirms the severity of the alleged

pain arising from that condition"); see also SSA, Policy Interpretation Ruling

Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the

Credibility of an Individual's Statements, SSR 96-7p (July 2, 1996), available at

1996 WL 374186 (explaining that a claimant's statements "may be less credible if

the level of frequency of treatment is inconsistent with the level of complaints, or if

the medical records show that the individual is not following treatment as

prescribed and there are no good reasons for this failure").  Accordingly, the Court

adopts the R&R's recommendation that the ALJ's credibility determination be

affirmed.

> 2.      *The ALJ's finding of Plaintiff's residual functional capacity*

Plaintiff does not object to the Magistrate Judge's finding that substantial

evidence in the record "supports the ALJ's assessment" of Plaintiff's residual

functional capacity.  The Magistrate Judge found that the ALJ gave proper

consideration to the medical evidence and that his conclusion is supported by the

evidence.  The Court finds no plain error in the Magistrate Judge's findings.  See

SSA, Policy Interpretation Ruling Titles II and XVI: Assessing Residual

Functional Capacity in Initial Claims, SSR 96-8p (July 2, 1996), available at 1996 WL 374184 (explaining that residual functional capacity is "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," not "the least an individual can do despite his or her limitations or restrictions"); see also Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (holding that an ALJ need not specifically refer to every piece of evidence in his decision so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole).  Accordingly, the Court adopts the R&R's recommendation that the ALJ's finding regarding residual functional capacity be affirmed.

## III.   CONCLUSION

Having reviewed the Magistrate Judge's R&R, the Court finds no plain error in any of the Magistrate Judge's recommendations.  Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [20] is **ADOPTED**.  The Commissioner's final decision denying Plaintiff's Benefits Application is **AFFIRMED**.

**SO ORDERED** this 11th day of September, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE